1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10         SAN JOSE DIVISION

11

12   JIHAN SHAWAR THISSEL, et al.,          Case No.  15-cv-05937-RMW

          Plaintiffs,

13
                                            **ORDER GRANTING IN PART MOTION
14       v.                                 TO DISMISS**

15   CAMERON MURPHY, et al.,                Re: Dkt. No. 19

          Defendants.
16

17          This case arises out of a police investigation of a suspected burglary at the home of Jihan

18   Shawar Thissel and Sidney Thissel. Plaintiffs Jihan Shawar Thissel, Tony Lee Matthews Jr.,

19   Sidney Thissel, and Jamie Fraser assert nineteen causes of action against the City of Salinas, the

20   Salinas Police Department, Salina Police Chief Kelly McMillin, Sergeant Mark Lazzarini, and

21   Officers Cameron Murphy, Jeff Arensdorf, and William Yetter.

22          Defendants move to dismiss plaintiffs' common law tort claims against the City of Salinas

23   and the Salinas Police Department, plaintiffs' civil rights claims against the Salinas Department,

24   and all of plaintiffs' claims against Chief Kelly McMillin. Plaintiffs do not oppose defendants'

25   motion to dismiss these claims. Defendants also move to dismiss plaintiffs' tort claims arising out

26   of the allegedly false police report and resulting criminal prosecution. Specifically, defendants

27   move to dismiss plaintiffs' defamation, conspiracy, and malicious prosecution claims, as well as

28                                               1

United States District Court
Northern District of California

1    plaintiffs' intentional infliction of emotional distress claim to the extent the claim is based on the

2    same allegations. Defendants further move to dismiss all claims of plaintiff Sidney Thissel.

3    Plaintiffs oppose defendants' motion to dismiss these claims.

4       Defendants' motion to dismiss is granted, except with respect to Sidney Thissel's claim for

5    unlawful search and seizure. The court grants thirty (30) days leave to amend Mr. Thissel's claims.

6    All other dismissals are with prejudice. Plaintiffs must obtain either written consent from

7    defendants or leave from the court in order to add new claims or parties to this case.

8    **I.    BACKGROUND**

9       The following allegations are taken from the First Amended Complaint. At around 7:15

10   p.m. on December 22, 2014, Tony Matthews Jr. and Jamie Frasier arrived with their two infant

11   children at the home of Mr. Matthews's parents, Jihan Shawar Thissel and Sidney Thissel. FAC ¶

12   15. With permission from his mother, Mr. Matthews attempted to use a security code at the back

13   door to enter the home. *Id.* The sliding glass door got stuck, and the ADT alarm went off. *Id.* Mr.

14   Matthews called his mother, who told him to disarm the alarm and that ADT would call her before

15   taking further action. *Id.* Someone from ADT left a voicemail for Ms. Thissel at around 7:20 p.m.,

16   stating that ADT had not contacted the police. *Id.* ¶ 16.

17       Approximately thirty minutes later, Mr. Matthews left the Thissel home through the garage

18   and went to his car, intending to run some errands. *Id.* ¶ 17. Mr. Matthews encountered Sergeant

19   Mark Lazzarini and Officer Cameron Murphy, who pointed "their flashlights, tasers, and/or guns"

20   at him. *Id.* Mr. Matthews walked back into the garage, followed by Sergeant Lazzarini and Officer

21   Cameron Murphy. *Id.* Mr. Matthews called for his mother, and Ms. Thissel came into the garage

22   and informed the officers that Mr. Matthews was her son and that the alarm had been disarmed. *Id.*

23   Although Officer Murphy had been to the Thissel home and met Ms. Thissel on previous

24   occasions, Officer Murphy asked to see Ms. Thissel's identification. *Id.* ¶¶ 17, 18, 37. Mr.

25   Matthews was frisked and handcuffed. *Id.* ¶ 18.

26       Ms. Frasier then came into the garage and asked what was going on, and Officer Murphy

27   pointed his gun at Ms. Frasier. *Id.* ¶ 19. Ms. Thissel turned away from Officer Murphy to approach

28

<div align="center">2</div>

<div style="writing-mode: vertical-rl;">United States District Court<br>Northern District of California</div>

Ms. Frasier, at which point Officer Murphy "grabbed her by her upper left arm and pulled her out of the garage and threw her on top of her husband's car . . . and shoved her face into the car." *Id.* ¶¶ 20-21. Ms. Frasier and Mr. Matthews began "yelling at the officer to let go of their mother." *Id.* Ms. Frasier retrieved Ms. Thissel's phone and identification from inside the house. *Id.* ¶ 22. Officer Murphy inspected Ms. Thissel's driver's license but said that it was not good enough because it listed a post office box in Seaside as Ms. Thissel's address. *Id.* Ms. Thissel gave permission to Officer Murphy to look around her home in order to verify her identify, but Officer Murphy refused. *Id.* ¶¶ 23-24. Officer Murphy "continued to roughhouse" Ms. Thissel, pushing his knee on her back, twisting her wrist, and handcuffing her. *Id.* ¶ 24. Ms. Thissel screamed in pain, yelled at Officer Murphy to release her, and asked Officer Murphy if he was doing this "because they were minorities who actually own a home and nice vehicles." *Id.* ¶¶ 24-25. Officer Murphy then "shoved her onto the grass." *Id.* Ms. Frasier and Mr. Matthews continued to object to the treatment of Ms. Thissel. *Id.*

When Ms. Thissel informed Officer Murphy that he was being recorded by the Thissels' surveillance camera, "he backed off into the center of the driveway." *Id.* ¶¶ 26-27. Despite Ms. Thissel's request that she and her son be released, Ms. Thissel and Mr. Matthews remained handcuffed and were pulled to the curb by officers. *Id.* ¶ 28. Mr. Matthews' glasses "fell off his face onto the pavement and broke." *Id.* More police cars and officers arrived. *Id.* ¶¶ 29-30. Ms. Thissel and Mr. Matthews were placed in a police car for twenty minutes or more, while Ms. Frasier and her two infant children were forced to sit in Ms. Frasier's car for twenty minutes or more. *Id.* ¶¶ 31-32, 40. While Ms. Thissel "was sitting in the back of a police car, she was screaming for people to call her husband, Sidney Thissel." *Id.* ¶ 33. Ms. Frasier called Mr. Thissel and told him to access the surveillance footage remotely "and explained to him what the officers were doing." *Id.* Ms. Frasier then handed the phone to an officer, who asked Mr. Thissel to drive home to identify Ms. Thissel and Mr. Matthews. *Id.* Mr. Thissel refused, explaining that "he was watching the game and had been drinking," and was therefore "in no condition to drive." *Id.* At around 8:32 p.m., Ms. Thissel, Mr. Matthews, and Ms. Frasier were released. *Id.* ¶ 37.

3

1       In April 2015, Ms. Thissel and Mr. Matthews were charged with obstruction of justice. *Id.*

2    ¶ 38. Plaintiffs allege that the criminal charges are retaliatory and that Officer Murphy had "a

3    history of aggression and excessive use of force on suspects." *Id.* ¶¶ 38-39. Plaintiffs allege that

4    the whole family endured emotional distress, embarrassment, and anger as a result of the incident,

5    and that Ms. Thissel suffered bruising on her arms and legs, and pain in her back, neck, shoulders,

6    forearms, and wrists. *Id.* ¶ 41.

7       Plaintiffs assert nineteen causes of action in the First Amended Complaint: 1) Unlawful

8    Stop & Detention, 42 U.S.C. § 1983; 2) Excessive Force, 42 U.S.C. § 1983; 3) Assault; 4) Battery;

9    5) Defamation/Libel/Slander Per Se; 6) Unlawful Search & Seizure; 7) Negligence; 8) Negligent

10   Infliction of Emotional Distress; 9) Intentional Infliction of Emotional Distress; 10) Conspiracy;

11   11) False Arrest, 42 U.S.C. § 1983; 12) False Imprisonment, 42 U.S.C. § 1983; 13) Failure to

12   Properly Screen or Hire, 42 U.S.C. § 1983; 14) Policy Use of Excessive Force, 42 U.S.C. § 1983;

13   15) Failure to Properly Train, 42 U.S.C. § 1983; 16) Failure to Supervise & Discipline, 42 U.S.C.

14   § 1983; 17) Retaliation, 42 U.S.C. § 1983 ; 18) Harass and Intimidate, Cal. Civ. Code § 52.1; and

15   19) Malicious Prosecution.

16  **II.    ANALYSIS**

17      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal

18   sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011)

19   (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "To survive a motion to dismiss, a

20   plaintiff's complaint must have sufficient facts 'to state a facially plausible claim to relief.'" *Id.* at

21   1242 (quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir.

22   2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

23   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

24   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

25   556 (2007)). "Determining whether a complaint states a plausible claim for relief . . . [is] a

26   context-specific task that requires the reviewing court to draw on its judicial experience and

27   common sense." *Id.* at 679.

28

15-cv-05937-RMW
ORDER GRANTING IN PART MOTION TO DISMISS
FC

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). The allegations of the complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and sufficiently plausible "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### A.     All Claims Against Defendant Chief McMillin

Plaintiffs assert several tort and civil rights claims against Chief McMillin. Defendants move to dismiss all claims against Chief McMillin in his individual capacity because plaintiffs have not alleged that he directly participated in any of the underlying events. Defendants also move to dismiss all claims against Chief McMillin in his official capacity because they are duplicative of plaintiffs' claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (there is "no longer a need to bring official-capacity actions against local government officials" because "local government units can be sued directly" under *Monell*). Plaintiffs do not oppose the dismissal of all claims against the Chief McMillin. *See* Dkt. No. 21 at 23. Therefore, plaintiffs' seventh, eight, thirteenth, fifteenth, sixteenth, eighteenth, and nineteenth causes of action are dismissed with prejudice against Chief McMillin.

### B.     Negligence and Negligent Infliction of Emotional Distress Claims Against City of Salinas and Salinas Police Department

Plaintiffs assert claims for negligence and negligent infliction of emotional distress against all defendants. Defendants argue that both the City and the Police Department are immune from suit on plaintiffs' tort claims under California Government Code § 815(a). *See* Cal. Gov't Code § 815(a) ("A public entity is not liable for an injury, whether such injury arises out of an act or

15-cv-05937-RMW
ORDER GRANTING IN PART MOTION TO DISMISS
FC

United States District Court
Northern District of California

1    omission of the public entity or a public employee or any other person."); *Miklosy v. Regents of*

2    *Univ. of California*, 44 Cal. 4th 876, 899 (2008) ("section 815 abolishes common law tort liability

3    for public entities"). Plaintiffs do not oppose the dismissal of these claims against the City and the

4    Police Department. *See* Dkt. No. 21 at 17. Therefore, plaintiffs' seventh and eighth causes of

5    action are dismissed with prejudice against the City of Salinas and the Salinas Police Department.

6         **C.      Civil Rights Claims Against Salinas Police Department**

7         Plaintiffs assert three 42 U.S.C. § 1983 claims against the Salinas Police Department:

8    failure to properly screen and hire, failure to properly train, and failure to supervise and discipline.

9    Section 1983 creates liability for "persons" who violated constitutional or federal rights when

10   acting under of color law. Defendants seek dismissal of plaintiffs' § 1983 claims against the Police

11   Department because the term "person" covers "state and local officials sued in their individual

12   capacities, private individuals and entities . . . , and local governmental entities," but not

13   "municipal departments." *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008)

14   (dismissing § 1983 claim against City of Merced Police Department because City of Merced is

15   proper defendant) (citing *Vance v. County of Santa Clara,* 928 F. Supp. 993, 995-996 (N.D. Cal.

16   1996)). Plaintiffs do not oppose the dismissal of their § 1983 claims against the Police

17   Department. *See* Dkt. No. 21 at 17. Therefore, plaintiffs' thirteenth, fifteenth, and sixteenth causes

18   of action are dismissed with prejudice against the Salinas Police Department.

19        Plaintiffs also assert violation of California Civil Code section 52.1 by all defendants.

20   Section 52.1 creates liability for "persons" who interfere or attempt to interfere with an

21   individual's rights "by threat, intimidation, or coercion." Cal. Civ. Code § 52.1(a)-(b). Under

22   section 52.1, as under §1983, a municipality may be liable as a "person" (*see Sanchez v. City of*

23   *Fresno*, 914 F. Supp. 2d 1079, 1117 (E.D. Cal. 2012) (holding a municipality may be liable as a

24   "person or persons" under section 52.1). Defendants, therefore, seek dismissal of plaintiffs'

25   section 52.1 claim against the Police Department as duplicative of plaintiffs' claim against the

26   City. Plaintiffs do not oppose the dismissal of their section 52.1 claim against the Police

27   Department. *See* Dkt. No. 21 at 17. Therefore, plaintiffs' eighteenth cause of action is dismissed

28

with prejudice against the Salinas Police Department.

### D.    Defamation, Intentional Infliction of Emotional Distress, and Malicious Prosecution Claims

Plaintiffs assert defamation/slander per se/libel against certain officers[1] for providing allegedly false information in the police report of the incident. Plaintiffs also assert intentional infliction of emotional distress against the officers based in part on the same allegedly false police report, and malicious prosecution against all defendants. Defendants assert immunity from suit on these claims under California Government Code section 821.6.[2] Defendants also contend that plaintiffs' malicious prosecution claim must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994) because plaintiffs have not established termination of the criminal proceedings in plaintiffs' favor.

Under section 821.6, a "public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. Section 821.6 immunity "extends to actions taken in preparation for formal proceedings," including investigations. *Amylou R. v. Cnty. of Riverside*, 28 Cal. App. 4th 1205, 1209-10 (1994) (citations

---

[1] Plaintiffs' defamation and intentional infliction of emotional distress claims are asserted against "Officers Cameron Murphy, Mark Lazzarini & Does 1-25, but plaintiffs allege false statements by Officers Yetter and Arensdorf as well. *See* FAC ¶ 80 ("Defendant Officers Murphy, Lazzarini, Yetter, and Arensdorf all made defamatory statements and provided false information to the recording officer to put in the police report."); FAC ¶ 123 ("All of the defendant officers . . . falsified the facts in the police report to cover their errors and misconduct.").
[2] Defendants also contend that California Civil Code section 47 bars plaintiffs' defamation claim and related intentional infliction of emotional distress claim. *See* Dkt. No. 19 at 8; Dkt. No. 24 at 6-7. Defendants rely on *Bullock v. City of San Rafael*, No. C92-1121 TEH, 1994 WL 621975 (N.D. Cal. Oct. 27, 1994), in which the district court considered sections 47(a) and 47(b) in determining that section 47 "confers absolute immunity from slander and libel suits on police officers for the reports they prepare." 1994 WL 621975 at *3. Defendants do not, however, identify the subsection under which they assert section 47 privilege. Under section 47(a), a publication is privileged if made in "the proper discharge of an official duty." Under section 47(b), a publication is privileged if made in any " (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding" that is authorized by law and mandate-reviewable. In their opposition brief, plaintiffs argue that section 47(c) grants only qualified immunity, but do not address the applicability of subsections (a) or (b). While the police report may be privileged under one or more subsections, the court need not address section 47 privilege because plaintiffs' state law claims arising out of the allegedly false police report are barred by section 821.6.

7

1    omitted); *see also Ciampi v. City of Palo Alto*, 790 F. Supp. 2d 1077, 1109 (N.D. Cal. 2011)

2    (statements in official police reports "form part of the preparation and prosecution of the judicial

3    proceedings against Plaintiff and are therefore covered by § 821.6"). Furthermore, section 821.6

4    immunity "is not limited to claims for malicious prosecution, but also extends to other causes of

5    action arising from conduct protected under the statute, including defamation and intentional

6    infliction of emotional distress." *Pagtakhan v. Alexander*, 999 F. Supp. 2d 1151, 1160 (N.D. Cal.

7    2013) (quoting *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1048 (2007)); *see also*

8    *Ciampi*, 790 F. Supp. 2d at 1106 ("Conduct that is privileged may not form the basis for an IIED

9    claim."). Section 821.6 protects public employees; section 815.2(b) also protects public entity

10   employers against claims based on acts of their employees. Cal. Gov't Code § 815.2(b) ("public

11   entity is not liable for an injury resulting from an act or omission of an employee of the public

12   entity where the employee is immune from liability").

13            Plaintiffs argue that *Pagtakhan* applies only to prosecutors, rather than individual police

14   officers, but nothing in *Pagtakhan* suggests that immunity under section 821.6 is limited to

15   prosecutors. In fact, the *Pagtakhan* court found that section 821.6 barred claims against both

16   "D.A. Defendants" and "Non-D.A. Defendants"—employees of the San Mateo County Public

17   Guardian's Office. *Pagtakhan*, 999 F. Supp. 2d at 1159-60. Plaintiffs also argue that malicious

18   prosecution may be actionable under § 1983 in certain circumstances. Defendants do not argue

19   that section 821.6 would bar a § 1983 malicious prosecution claim, but point out that plaintiffs

20   currently plead malicious prosecution as a "California Civil Rights Violation," rather than a §

21   1983 claim.

22            Plaintiffs' claims for defamation and malicious prosecution under California law, as well

23   as plaintiffs' related claim for intentional infliction of emotional distress, are barred by section

24   821.6. *See, e.g.*, *Via v. City of Fairfield*, 833 F. Supp. 2d 1189, 1199 (E.D. Cal. 2011) ("to the

25   extent that any of plaintiff's state law causes of action are based on Officer Williams's alleged

26   false report about plaintiff's arrest and the resulting criminal charges, Officer Williams is immune

27   from suit for those causes of action under section 821.6"); *see also Ciampi*, 790 F. Supp. 2d at

28

8

1106, 1108-1110 (finding that city and police officers are entitled to immunity on defamation, malicious prosecution, and related IIED claims under section 821.6). Plaintiffs' fifth cause of action for defamation and nineteenth cause of action for malicious prosecution under California law are dismissed with prejudice. Plaintiffs' ninth cause of action for intentional infliction of emotional distress is dismissed with prejudice to the extent that the claim is based on conduct that is privileged under section 821.6. The dismissal of plaintiffs' state law malicious prosecution claim is without prejudice to plaintiffs' pursuit of a § 1983 malicious prosecution claim if and when the currently pending criminal proceedings are resolved in plaintiffs' favor.

### E.     Conspiracy Claim

Defendants move to dismiss plaintiffs' conspiracy claim against the officers because "conspiracy cannot be alleged as a tort separate and apart from the wrong it is organized to achieve." *Gensburg v. Miller*, 31 Cal. App. 4th 512, 525 (1994) ("Since the underlying wrongs are subject to privilege, defendants cannot be held liable for conspiracy to commit them."). Plaintiffs do not dispute that their conspiracy cause of action is tied to the malicious prosecution claim. *See* Dkt. No. 21 at 15 ("Plaintiffs allege that the tort of which the City officers conspired to commit against Plaintiffs was [falsifying] information in the dispatch and police reports for the purpose of aiding in wrongfully convicting Plaintiffs . . ."). Because plaintiffs' underlying claim for malicious prosecution is dismissed with prejudice, plaintiffs' conspiracy claim is also dismissed with prejudice. The dismissal is without prejudice to plaintiffs' pursuit of a conspiracy claim in connection with a § 1983 malicious prosecution claim if and when the currently pending criminal proceedings are resolved in plaintiffs' favor.

### F.     Claims of Plaintiff Sidney Thissel

Defendants move to dismiss all of Sidney Thissel's claims because plaintiffs have not alleged that Mr. Thissel was present during or witnessed any of the events underlying the cause of action asserted in the First Amended Complaint.

Plaintiffs respond that Mr. Thissel has a constitutional interest in the claim as "the owner of the house" because he "did not consent or authorize the police to invade his home." Dkt. No. 21

United States District Court
Northern District of California

9

at 7. Plaintiffs' sixth cause of action asserts unlawful search and seizure of the Thissel home by Officer Murphy and Sergeant Lazzarini. FAC ¶¶ 87-94. "[S]earches and seizures inside a home without a warrant are presumptively unreasonable" because the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Payton v. New York*, 445 U.S. 573, 585-86 (1980). Although plaintiffs do not allege that Mr. Thissel was present during or witnessed the underlying events, the First Amended Complaint identifies Mr. Thissel as one of the owners of the home. *See, e.g.*, FAC ¶ 55 ("the home belonged to the Thissel family"). Defendants do not argue that a plaintiff must be present during or witness a search in order to maintain a cause of action for unreasonable search under the Fourth Amendment. The court declines to dismiss Mr. Thissel's claim solely on the basis that plaintiffs do not allege that he was present during or witnessed the search.

With respect to the other eighteen causes of action, however, the court is not persuaded that the allegations in the First Amended Complaint support a claim by Mr. Thissel. Plaintiffs argue that the alleged facts are capable of supporting Mr. Thissel's claims for "loss of consortium, emotional distress, and trespass to chattel," but plaintiffs do not identify any such facts or the associated causes of action in the First Amended Complaint. Dkt. No. 21 at 6-7. Therefore, with the exception of the sixth cause of action for unlawful search and seizure, Mr. Thissel's claims are dismissed. Leave to amend is granted to the extent that Mr. Thissel is able to allege facts supporting the causes of action asserted in the First Amended Complaint.

### G.  Plaintiffs' Request for Leave to Amend to Add New Claims

In the opposition brief, plaintiffs request leave to add new causes of action and new plaintiffs. The request is denied as procedurally improper. *See Torbov v. Cenlar Agency, Inc.*, No. 5:14-CV-00130-BLF, 2014 WL 3369021, at *2 (N.D. Cal. July 8, 2014) ("If Plaintiff wishes to assert *new claims*, he must file a motion for leave to amend his pleading pursuant to Federal Rule of Civil Procedure 15(a)(2) and Civil Local Rule 7-2."); *Echols v. Morpho Detection, Inc.*, No. C 12-1581 CW, 2013 WL 752629, at *10 (N.D. Cal. Feb. 27, 2013) ("Plaintiff has improperly presented this request in an opposition brief and has not moved for permission to add new claims,

15-cv-05937-RMW
ORDER GRANTING IN PART MOTION TO DISMISS
FC

as required by the Federal Rules of Civil Procedure and the Civil Local Rules of this Court.").
Plaintiffs may file a motion for leave to amend in accordance with the Federal Rules of Civil
Procedure and the Civil Local Rules.

## III.    CONCLUSION

For the reasons stated herein, the court grants defendants' motion in part as follows:

- plaintiffs' fifth cause of action for defamation/libel/slander per se is dismissed with prejudice;

- plaintiffs' seventh cause of action for negligence is dismissed with prejudice against the City of Salinas, the Salinas Police Department, and Chief Kelly McMillin;

- plaintiffs' eighth cause of action for negligent infliction of emotional distress is dismissed with prejudice against the City of Salinas, the Salinas Police Department, and Chief Kelly McMillin;

- plaintiffs' ninth cause of action for intentional infliction of emotional distress is dismissed with prejudice to the extent it is based on conduct for which defendants have immunity under California Government Code section 821.6;

- plaintiffs' tenth cause of action for conspiracy to violate plaintiffs' civil rights is dismissed with prejudice to the extent it is based on conduct for which defendants have immunity under California Government Code section 821.6;

- plaintiffs' thirteenth cause of action for failure to properly screen and hire is dismissed with prejudice against the Salinas Police Department and Chief Kelly McMillin;

- plaintiffs' fifteenth cause of action for failure to properly train is dismissed with prejudice against the Salinas Police Department and Chief Kelly McMillin;

- plaintiffs' sixteenth cause of action for failure to supervise and discipline is dismissed with prejudice against the Salinas Police Department and Chief Kelly McMillin;

- plaintiffs' eighteenth cause of action for violation of California Civil Code § 52.1 is dismissed with prejudice against the Salinas Police Department and Chief Kelly McMillin; and

- plaintiffs' nineteenth cause of action for malicious prosecution under California law is dismissed with prejudice; and

- all claims of plaintiff Sidney Thissel are dismissed except for Mr. Thissel's sixth cause of action for unlawful search and seizure. Plaintiffs have thirty (30) days from the date of this order to amend Mr. Thissel's claims.

The following claims of Jihan Shawar Thissel, Tony Lee Matthews Jr., and Jamie Fraser remain:

- plaintiffs' first cause of action for unlawful stop and detention against the officers;

- plaintiffs' second cause of action for excessive force against the officers;

- plaintiffs' third cause of action for assault against the officers;

15-cv-05937-RMW
ORDER GRANTING IN PART MOTION TO DISMISS
FC

- plaintiffs' fourth cause of action for battery against the officers;

- plaintiffs'—and Sidney Thissel's—sixth cause of action for unlawful search and seizure against the officers;

- plaintiffs' seventh cause of action for negligence against the officers;

- plaintiffs' eighth cause of action for negligent infliction of emotional distress against the officers;

- plaintiffs' ninth cause of action for intentional infliction of emotional distress against the officers to the extent it is based on conduct for which the officers do not have immunity under California Government Code section 821.6;

- plaintiffs' eleventh cause of action for false arrest against the officers;

- plaintiffs' twelfth cause of action for false imprisonment against the officers;

- plaintiffs' thirteenth cause of action for failure to properly screen and hire against the City of Salinas;

- plaintiffs' fourteenth cause of action for policy use of excessive force against the City of Salinas;

- plaintiffs' fifteenth cause of action for failure to properly train against the City of Salinas;

- plaintiffs' sixteenth cause of action for failure to supervise and discipline against the City of Salinas;

- plaintiffs' seventeenth cause of action for retaliation against the officers; and

- plaintiffs' eighteenth cause of for violation of California Civil Code § 52.1 against the officers and the City of Salinas.

**IT IS SO ORDERED.**

Dated: May 31, 2016

Ronald M. Whyte
United States District Judge

15-cv-05937-RMW
ORDER GRANTING IN PART MOTION TO DISMISS
FC