UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIHAN SHAWAR THISSEL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CAMERON MURPHY, et al.,<br><br>Defendants. | Case No. 15-cv-05937-RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO PRECLUDE PLAINTIFFS FROM INTRODUCING EVIDENCE OF DAMAGES AND TO EXCLUDE EVIDENCE DISCLOSED AFTER NON-EXPERT DISCOVERY CUT-OFF** |

## I. INTRODUCTION

Defendants Cameron Murphy, Mark Lazzarini, William Yetter, Jeff Arensdorf, and the City of Salinas seek an order precluding plaintiffs Jihan Shawar Thissel, Tony Lee Matthews, Jr., Sidney Thissel, and Jamie Frasier from introducing evidence of damages on a motion, at a hearing, or at a trial. Defendants likewise seek an order excluding evidence first disclosed in Frasier and Jihan Thissel's depositions, which occurred pursuant to Court order after non-expert discovery was otherwise closed. Pursuant to Civil Local 7-1(b), the motion is suitable for disposition without oral argument, and the hearing schedule for June 22, 2017, is hereby vacated. Because plaintiffs failed to comply with Federal Rule of Civil Procedure 26(a), defendants' motion is granted in part and plaintiffs, as the record now stands, may not introduce evidence of damages. Defendants' motion is otherwise denied, because the challenged information of which they now seek exclusion was disclosed during depositions, and thus was not required to be

disclosed again pursuant to Federal Rule of Civil Procedure 26(e).

## II. BACKGROUND[1]

This case relates to a December 22, 2014, altercation between plaintiffs and Salinas police officers. Plaintiffs advance a variety of claims against the officers, the Salinas police chief, and the City of Salinas. The fracas also resulted in criminal charges against Matthews and Jihan Thissel. A first trial on those charges ended in a hung jury; state prosecutors are apparently preparing to re-try the case, and expect the trial to occur in the near future.

Plaintiffs served their initial disclosures on defendants on April 5, 2016. Those disclosures did not include a computation of damages. Since then, plaintiffs have not served supplemental disclosures, and have not otherwise provided a computation of damages. On April 18, 2016, defendant Murphy propounded interrogatories on plaintiffs Frasier and Jihan Thissel. Those interrogatories sought information regarding any physical or mental injuries allegedly caused or worsened by the December 22, 2014, incident, and information regarding any related health care Frasier and Jihan Thissel received. Frasier and Jihan Thissel submitted responses on June 13, 2016. On April 18, Murphy also propounded on Frasier and Jihan Thissel requests for production of documents ("RFPDs"). The RFPDs sought, among other things, all documents identified in Frasier and Jihan Thissel's initial disclosures. "Medical records" were among the documents identified in those disclosures. Frasier and Jihan Thissel also responded to the RFPDs on June 13, 2016.

With April 10, 2017, marking the non-expert discovery cut-off, on March 23 the Magistrate Judge granted defendants' motion to compel plaintiffs' depositions, and gave the parties until April 28 to conduct those depositions.[2] Defendants' counsel deposed Jihan Thissel on

---

[1] The information in this section is drawn from the parties briefs, undisputed facts in the record, an undisputed declaration of defendants' counsel Ryan Thompson attached to defendants' motion, and undisputed exhibits attached to the Thompson declaration.

[2] On May 15, the Magistrate Judge extended non-expert discovery for the limited purposes of allowing plaintiffs to take the depositions of defendants Murphy and Arensdorf by June 16, 2017. Non-expert discovery otherwise remains closed.

April 17, and Frasier on April 28. Those depositions resulted in the disclosure of the following theretofore undisclosed information: (1) Jihan Thissel's alleged facial injuries and exacerbated sciatic nerve condition; (2) Jihan Thissel's alleged treatment from Dr. Victoria Coleman, Dr. Jacqueline Sedgewick, and Pinnacle Urgent Care; (3) Jihan Thissel's alleged diagnosis with PTSD; (4) Frasier's allegedly heightened postpartum symptoms; and (5) Frasier's alleged treatment from "Ellen" in King City, California. Arguing this information was not properly disclosed in supplemental or corrective disclosures, responses to interrogatories, or responses to RFPDs, defendants move for an order precluding plaintiffs from introducing it as evidence in a subsequent motion, hearing, or trial. Faulting plaintiffs' failure to provide a computation of damages, defendants likewise move for an order precluding plaintiffs from introducing any evidence of damages.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 37(c) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

### IV. DISCUSSION

#### A. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires that "a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party . . . ." Defendants argue, and their counsel declares, that plaintiffs never submitted a computation of damages, either in their initial disclosures or in a supplemental disclosure. Plaintiffs do not argue to the contrary, and defendants' undisputed exhibits indicate no such computation of damages has been provided.

Federal Rule of Civil Procedure 26(e) provides: "A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response . . . in a timely manner if the

party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Defendants seek to preclude the introduction of the information first obtained at the depositions of Frasier and Jihan Thissel in April 2017. Defendants assert this information was not disclosed in initial or supplemental disclosures, in response to interrogatories regarding injuries and treatment, or in response to RFPDs. Because plaintiffs never submitted supplemental or corrective disclosures or responses, defendants argue they failed to comply with Rule 26(e), and the evidence should thus be excluded pursuant to Rule 37(c). Rule 26(e), however, requires supplemental or corrective disclosures or responses only for "information [that] has not otherwise been made known to the other parties during the discovery process or in writing." Because the information defendants seek to exclude was disclosed during the discovery process through depositions, no further responses or disclosures were required under Rule 26(e), and exclusion under Rule 37(c) is thus unjustified. To the extent plaintiffs later attempt to introduce previously-undisclosed information related to the now-challenged information — including more specific information pertaining to alleged injuries and treatment — defendants may have an objection under Rules 26(e) and 37(c). Likewise, defendants may attempt to reopen discovery directed to the challenged information. By their language, however, Rules 26(e) and 37(c) do not provide for the exclusion of the very information already disclosed during the discovery process.

### B. Whether Plaintiffs' Failure to Provide a Computation of Damages Was Substantially Justified or Is Harmless

In order to avoid adverse consequences under Rule 37(c), the party failing to comply with Rule 26(a) bears the burden of showing such failure was substantially justified or is harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). Exclusion of evidence pursuant to Rule 37(c) for a party's failure to comply with Rule 26(a) may be appropriate even when such a sanction would effectively preclude "a litigant's entire cause of action or defense." *See id.* at 1106. Exclusion of undisclosed damages evidence under Rule 37(c) requires no "finding of willfulness or bad faith" by the non-disclosing party, *see Hoffman v. Constr.*

*Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), and is "a self-executing, automatic sanction to provide a strong inducement for disclosure of material," *id.* (quoting *Yeti*, 259 F.3d at 1106) (internal quotation marks omitted).

Plaintiffs do not directly argue their failure to provide a computation of damages is harmless to defendants. They instead argue defendants will not be prejudiced if the case schedule is altered and further discovery is permitted. At this juncture, however, plaintiffs have made no such motion to alter the case schedule or to reopen discovery, which would have to be assessed on the merits of such a motion. In any event, it is worth noting that alterations to the case schedule are considered harmful in this context. *See Hoffman*, 541 F.3d at 1180 ("Later disclosure of damages would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date. Such modifications to the court's and the parties' schedules support[] a finding that the failure to disclose was not harmless."). In any event, plaintiffs have not moved for further discovery in order to provide a damages computation. As to whether their failure to provide a damages computation was substantially justified, plaintiffs argue only that Jihan Thissel was distracted by the criminal trial at the time of initial disclosures, an explanation that surely falls short. *Cf. R & R Sails Inc. v. Ins. Co. of State of PA*, 251 F.R.D. 520, 526 (S.D. Cal. 2008) (failure to comply with Rule 26(e) due to counsel's "inadvertent mistake" did not amount to substantial justification). Accordingly, plaintiffs, on this record, have not carried their burden of showing their failure to provide a damages calculation was substantially justified or is harmless, and Rule 37(c) prohibits them from introducing evidence of damages in a subsequent motion, hearing, or trial.

## V. CONCLUSON

Defendants' motion is granted to the extent it seeks to preclude plaintiffs, absent receiving an order to reopen discovery, from presenting evidence of damages on a motion, at a hearing, or at a trial. The motion is otherwise denied, but without prejudice to any future objections defendants may raise if plaintiffs attempt to introduce as evidence information regarding their alleged injuries and treatment, beyond that provided during the discovery period.

**IT IS SO ORDERED**.

Dated: June 7, 2017

_____
RICHARD SEEBORG
United States District Judge